No. 2--00--0583

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

__________________________________________________________________

ROBERT SUNDERMAN, ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, )

)

v. ) No. 99--L--165

)

MAHESH AGARWAL, )

)

Defendant )

)

(Hwaja I. Rhee, U. Khin, and ) Honorable

Waukegan Pathology Associates, ) John R. Goshgarian,

S.C., Defendants-Appellees). ) Judge, Presiding.

_________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Robert Sunderman, special administrator of the estate of Janet Sunderman, appeals from the circuit court of Lake County's order granting summary judgment in favor of defendants Hwaja I. Rhee, M.D., U. Khin, M.D., and Waukegan Pathology Associates, S.C. (collectively, pathology defendants).  Plaintiff's cause of action against another defendant, Mahesh Agarwal, M.D., remains.  The trial court ruled pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal of the final judgment in favor of the pathology defendants.  Plaintiff contends that the trial court erroneously determined that a causal connection was lacking between the pathology defendants' alleged negligence and the injuries of the decedent, Janet Sunderman (Janet).

The second amended complaint alleged that in April 1997 Janet saw Dr. Agarwal, a pulmonologist, for diagnosis and treatment of a suspected mass in her right lung.  Dr. Agarwal performed a biopsy of the mass in May 1997.  The second amended complaint further alleged that defendant Rhee was present when Dr. Agarwal performed the biopsy. Defendants Rhee and Khin examined the biopsy specimen and prepared a report which, according to plaintiff, erroneously interpreted the specimen as negative for malignancy.  In March 1998, Janet was diagnosed with terminal lung cancer, which had metastasized to her bones.  She died on June 10, 2000.  Plaintiff's cause of action seeks damages for the delay in the diagnosis and treatment of Janet's cancer occasioned by the pathology defendants' allegedly erroneous report.

The second amended complaint alleged that the pathology defendants were negligent because they (1) "erroneously interpreted the microscopic examination of the material removed by biopsy from  [Janet's] lung as negative for malignancy"; and (2) "failed to make a pathological diagnosis of adenocarcinoma."  Although not set forth in the second amended complaint, plaintiff also contends that Dr. Rhee was negligent in failing to ensure that Dr. Agarwal obtained sufficient cellular material during the biopsy procedure to allow the pathologists to make a conclusive diagnosis.  The diagnosis set forth in the pathologists' report stated:

"Scant cellular material with a few atypical epithelial cells inconclusive for malignancy (please see 'Comment' above)."

The "Comment" section of the report stated:

"A few atypical epithelial cells seen in the scant cellular material are inconclusive for malignancy.  The possibility of malignancy cannot be completely excluded based on the scant cellular material submitted.  Correlation with physical findings and further diagnostic workup would be advisable.  The slides are seen in consultation with Dr. U. Khin."  

In her evidence deposition, Janet testified that when she met with Dr. Agarwal following her May 1997 biopsy he told her that she did not have cancer and her options were to come back in three months for a CT scan, undergo a bronchoscopy, or have the mass removed.  She testified that Dr. Agarwal did not read to her the portion of the pathology report that indicated that the possibility of malignancy could not be completely excluded.  Janet testified that if she had heard that portion of the report she would have asked Dr. Agarwal to immediately perform additional tests or surgery.

Dr. Agarwal testified in his discovery deposition that he felt the biopsy report strongly indicated that Janet had a malignant mass in her lung.  Dr. Agarwal confirmed that he gave Janet three treatment options.  Contrary to Janet's testimony, however, Dr. Agarwal testified that he recommended surgery to remove the mass.  Dr. Agarwal stated that he gave Janet options rather than insisting on surgery because he felt that all of the options should be discussed and the patient should participate in the decision-making process.

The pathology defendants filed motions for summary judgment in which they argued that, based on the testimony of Janet and Dr. Agarwal, there was no genuine issue of material fact as to whether the pathology report was a proximate cause of the delay in diagnosing and treating Janet's cancer.  The trial court granted the pathology defendants' motions for summary judgment, and this appeal ensued. 

Summary judgment is appropriate when the pleadings, depositions, admissions on file, and affidavits, if any, demonstrate that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 1998).  A court should not grant summary judgment unless the right of the moving party is clear and free from doubt.  
Gauthier v. Westfall
, 266 Ill. App. 3d 213, 219 (1994).  When ruling on a motion for summary judgment, courts should construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the respondent.  
Gauthier
, 266 Ill. App. 3d at 219.  While the nonmoving party need not prove his case at the summary judgment stage, he must present a factual basis that would arguably entitle him to a judgment.  
Gauthier
, 266 Ill. App. 3d at 219.  If the nonmoving party cannot establish an essential element of his cause of action, summary judgment is proper.   
Gauthier
, 266 Ill. App. 3d at 220.  Our review of an order granting summary judgment is 
de novo
.  
Duran v. Cullinan
, 286 Ill. App. 3d 1005, 1010 (1997).     

A plaintiff in a medical malpractice case must prove the following elements: (1) the standard of care against which the medical professional's conduct must be measured; (2) the defendant's negligent failure to comply with that standard; and (3) that the defendant's negligence proximately caused the injuries for which the plaintiff seeks redress.  
Duran
, 286 Ill. App. 3d at 1010.  In the case before us, the pathology defendants argue that any alleged negligence in obtaining the biopsy specimen or interpreting that specimen did not cause the delay in diagnosing Janet's cancer.  We are mindful that proximate cause is ordinarily a factual question for a jury to decide.  However, when there is no material issue of fact or only one conclusion is clearly evident, proximate cause may be decided as a matter of law.  
Williams v. University of Chicago Hospitals
, 179 Ill. 2d 80, 88 (1997).  

After a careful review of the record and the relevant authority, we agree that summary judgment was proper.  Even if we assume that the pathology defendants breached the standard of care in interpreting the biopsy specimen, the testimony of both Janet and Dr. Agarwal establishes that the breach did not proximately cause the delay in diagnosis.  Dr. Agarwal testified that after reviewing the biopsy report he "strongly felt that [Janet] had [a] malignant tumor in her lung."  When asked why he gave Janet the options of waiting three months for a repeat CT scan or undergoing a bronchoscopy rather than insisting on immediate surgery, Dr. Agarwal responded that "all the options should be discussed" and the patient should participate in the decision making.  Dr. Agarwal did not testify that his treatment of Janet would have been any different if the biopsy report had specifically stated that the mass was malignant.  On the contrary, Dr. Agarwal believed, based on the report, that the mass was malignant, and he suggested treatment options based on that belief.  Consequently, neither the pathology report nor the biopsy procedure proximately caused the delay in diagnosing and treating Janet's cancer.

This case is analogous to 
Gill v. Foster
, 157 Ill. 2d 304 (1993), and 
Seef v. Ingalls Memorial Hospital
, 311 Ill. App. 3d 7 (1999).  In 
Gill
, the supreme court held that the defendant hospital was entitled to summary judgment because the plaintiff failed to establish that a hospital nurse's alleged negligence proximately caused the plaintiff's injuries.  
Gill
, 157 Ill. 2d at 311.  The nurse in 
Gill
 failed to tell the plaintiff's doctor that the plaintiff had been complaining of chest pain.  
Gill
, 157 Ill. 2d at 309.  However, the defendant doctor's progress notes indicated that the plaintiff had advised him that he was experiencing chest pain.  
Gill
, 157 Ill. 2d at 309-10. Because the doctor was already aware of the plaintiff's complaints, the court held that any failure by the nurse to communicate those complaints did not proximately cause the plaintiff's injuries.  
Gill
, 157 Ill. 2d at 311.  

In 
Seef
, the plaintiffs asserted that employees of Ingalls Memorial Hospital committed several breaches of the standard of care  in connection with monitoring the plaintiffs' unborn baby for signs of fetal distress.  
Seef
, 311 Ill. App. 3d at 16.
  The defendant doctor testified that he would not have done anything differently even if the nurses had notified him earlier of the information contained on the fetal monitoring strips.  
Seef
, 311 Ill. App. 3d at 19.  Consequently, the court held that any breach of the standard of care by the nurses did not cause the death of the plaintiffs' child.  
Seef
, 311 Ill. App. 3d at 19.

Similarly, in the case at bar, the testimony of Dr. Agarwal established that, regardless of whether the pathology report definitively stated that the biopsy specimen was malignant, he believed that the mass was malignant and recommended treatment accordingly.  Thus, no question of fact exists as to whether Dr. Agarwal would have done anything differently if the report had been different.

Janet's own testimony also establishes that the report was sufficient to cause her to seek additional treatment.  She testified unequivocally that if she had heard the portion of the report that stated that malignancy could not be ruled out and that further testing was needed, she would have sought additional testing immediately or had the mass removed.  Plaintiff contends that a question of fact exists as to how Dr. Agarwal communicated the information in the pathology report to Janet.  While this appears to be true, based on Dr. Agarwal's and Janet's conflicting testimony, this question of fact goes to Dr. Agarwal's alleged negligence, not that of the pathology defendants.  There is no allegation in the second amended complaint that the pathology defendants had a duty to communicate the information contained in their report to Janet.

Plaintiff further contends that it was error for the trial court to grant summary judgment to the pathology defendants before plaintiff had disclosed and presented medical experts.  This argument fails because no expert can testify regarding what Dr. Agarwal's mental state was or contradict Dr. Agarwal's testimony regarding what he thought after reading the biopsy report.  See 
Seef
, 311 Ill. App. 3d at 16.  Consequently, no expert testimony could negate the evidence that the treatment options Dr. Agarwal presented were based on his belief that the mass in Janet's lung was cancerous.   

Last, we address plaintiff's contention that the court should not have granted summary judgment to the pathology defendants because at trial Dr. Agarwal may now point to the pathology defendants' alleged negligence as the cause of Janet's injuries and thereby escape liability.  This argument lacks merit for two reasons.  Practically speaking, we fail to see how Dr. Agarwal could foist the blame upon the pathology defendants after he testified that he felt the biopsy report indicated cancer.  Further, we are aware of no case law that requires keeping a defendant in a case after it has been established that the plaintiff cannot prove a cause of action against that defendant.  On the contrary, in medical malpractice actions courts will enter summary judgment as to one defendant but not others if it has been shown that proximate cause is lacking.  See, 
e.g.
, 
Gill
, 157 Ill. 2d at 311; 
Seef
, 311 Ill. App. 3d at 19-21. 

Accordingly, for the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

Affirmed.

RAPP and BYRNE, JJ., concur.